UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN FAHEY & JESSE CARLSON,

                Plaintiffs,

vs.

LT. PETER LEACH, POLICE OFFICER JOSEPH ROSE, POLICE OFFICER MICHAEL SOLDANO, CITY OF NEWBURGH,

                Defendants.

-----------------------------------------------------------x

**COMPLAINT**

08 CIV. 8280

JUDGE ROBINSON

By their attorneys, Sussman & Watkins, plaintiffs complain of defendants as follows:

**PARTIES**

1. Plaintiff Benjamin Fahey is a resident of the City of Newburgh and of legal age.

2. Plaintiff Jesse Carlson is a resident of the City of Peekskill and of legal age.

3. Both plaintiffs reside within this judicial district.

4. Defendant Leach is a lieutenant with the City of Newburgh Police Department and so served on September 30, 2007 and at all times thereafter. He resides within this judicial district.

5. Defendant Joseph Rose is a police officer employed by the City of Newburgh and so served on September 30, 2007. He resides within this judicial district.

6. Defendant Michael Soldano is a police officer employed by the City of Newburgh and so served on September 30, 2007 and at all times thereafter. He resides within this judicial district.

7. Defendant, City of Newburgh, is a municipal corporation organized pursuant to the

Page -1-

laws of the State of New York. It can sue and be sued and is located within this judicial district.

## JURISDICTION

8. As plaintiffs allege that defendants violated their constitutional rights, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 1367 and 42 U.S.C. secs. 1983 and 1988.

## FACTUAL ALLEGATIONS

9. On September 30, 2007, defendant Leach maliciously struck plaintiff Fahey with substantial force and without provocation at a Citgo gas station in the City of Newburgh.

10. At the time of this assault, plaintiff Fahey was not in the custody of the City of Newburgh police department or any of its officers.

11. After defendant Leach assaulted plaintiff Fahey, other defendants, including Rose and Soldano, jumped on plaintiff Fahey and without justification or basis continued to assault and batter him.

12. Said assaults occurred within the presence of defendant Leach who took no action to cause those so conducting themselves to desist.

13. Defendant Leach was the supervisory officer at the Citgo station.

14. On September 30, 2007, while defendant Carlson was in the back seat of a vehicle parked at the Citgo Gas Station, defendant Leach punched and struck him in the face.

15. Said assault was without any provocation and was malicious.

16. After Lt. Leach so assaulted plaintiff Carlson, other police officers acting under his command, including defendant Soldano, assisted defendant Leach in throwing plaintiff Carlson out of the vehicle and continued to physically assault him, all without basis or justification.

17. Defendant Rose transported plaintiff Carlson to the City of Newburgh police department and was his arresting officer.

18. On two occasions while in the booking room at the police station, defendant Rose physically assaulted plaintiff Carlson.

19. On neither occasion did plaintiff Carlson provide Rose any justification or provocation for his malicious and sadistic assaults.

20. After the second such unprovoked assault, defendant Rose and other police officers sadistically dragged plaintiff Carlson on the floor through the booking room and into a cell.

21. In reporting on the events of September 30, 2007, defendant Leach omitted to advise his superiors that he had assaulted plaintiffs Fahey or/and Carlson.

22. In reporting on the events of September 30, 2007, defendant Rose omitted to advise his superiors that he had twice assaulted plaintiff Carlson in the booking room.

23. Though plaintiff Fahey committed no offense against the penal laws of the State of New York and though he had no probable cause or arguable probable cause to arrest plaintiff Fahey for any of these offenses, defendant Soldano falsely accused him of resisting arrest, obstructing governmental administration in the second degree, disorderly conduct.

24. Said charges were tried in the City of Newburgh Court and, on April 17, 2008, defendant Fahey was acquitted of each and every criminal charge.

25. Through plaintiff Carlson committed no such offenses against the penal laws of the State of New York and though he had no probable cause or arguable probable cause to arrest plaintiff Carlson for any of these offenses, defendant Rose falsely accused him of Resisting Arrest, Disorderly Conduct, Obstructing Governmental Administration in the second degree and

Harassment in the second degree.

26. Said charges were tried in the City of Newburgh Court and, on April 17, 2008, defendant Carlson was acquitted of each of them.

27. Defendants Leach, Rose and Soldano all testified in support of the criminal charges laid against plaintiffs.

28. Defendants Leach, Rose and Soldano all testified falsely in support of the criminal charges laid against plaintiffs.

29. Said false testimony, when combined with the baselessness of the charges in the first instance and the physical force misused against plaintiffs by these defendants, manifested the actual malice each individual defendant harbored toward plaintiffs.

30. The above-described events at both the CITGO station and the City of Newburgh Police Department were video-taped.

31. The video tapes show the assaults referenced above and were at all times available to supervisors in the City of Newburgh, including its police department.

32. Through counsel, plaintiffs timely advised the chief of police, the City of Newburgh Manager and its elected Mayor and City Councilmen of the blatant violation of their civil rights.

33. The defendant City failed to discipline either of the defendants for their conduct as alleged above.

34. Instead, the police chief of the City of Newburgh repeatedly and publicly defended the conduct of the defendant police officers and others involved in the assault and arrest of these plaintiffs.

35. The defendant City failed to properly supervise either individual defendant.

36. The defendant City's failure to properly supervise and discipline police officers who engage in the violation of the constitutional rights of civilians has caused and allowed the continued violation of such rights as it alleged in this matter.

37. By dint of the conduct alleged above, plaintiffs Lahey and Carlson have both been caused both physical and mental injury, including, for Lahey, the substantial exacerbation of depression, stress and anxiety.

## CAUSES OF ACTION

38. Plaintiffs incorporate paras. 1-37 as if fully incorporated herein.

39. By physically assaulting plaintiff Fahey, defendants Leach, Soldano and Rose violated his right to be free from such force as is guaranteed by the Fourth Amendment to the United States Constitution as made actionable by 42 U.S.C. sec. 1983.

40. By physically assaulting plaintiff Fahey, defendants Leach, Soldano and Rose all committed the intentional torts of assault and battery, actionable in this court as a supplemental claim pursuant to 28 U.S.C. sec. 1367.

41. By falsely arresting plaintiff Fahey, defendant Soldano plaintiff violated his rights as provided by the Fourth Amendment to the Constitution of the United States as made actionable pursuant to 42 U.S.C. sec. 1983.

42. By maliciously prosecuting plaintiff Fahey, defendant Soldano violated the due process clause of the Fourteenth Amendment and the Fourth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. sec. 1983 and the common law of the State of New York.

43. By physically assaulting plaintiff Carlson at the Citgo station, defendants Leach &

Soldano violated his right to be free from such force as is guaranteed by the Fourth Amendment to the United States Constitution as made actionable by 42 U.S.C. sec. 1983.

44. By physically assaulting plaintiff Carlson in the booking room, after this plaintiff was in custody and handcuffed, defendant Rose violated his right to be free from such force as is guaranteed by the Eighth Amendment to the United States Constitution as made actionable by 42 U.S.C. sec. 1983.

45. By physically assaulting plaintiff Carlson, defendants Leach, Rose & Soldano committed the intentional torts of assault and battery, actionable in this court as a supplemental claim pursuant to 28 U.S.C. sec. 1367.

46. By falsely arresting plaintiff Carlson, defendant Rose plaintiff violated his rights as provided by the Fourth Amendment to the Constitution of the United States as made actionable pursuant to 42 U.S.C. sec. 1983.

47. By maliciously prosecuting plaintiff Carlson, defendant Rose violated the due process clause of the Fourth and Fourteenth Amendments to the United States Constitution as made actionable pursuant to 42 U.S.C. sec. 1983 and the common law of the State of New York.

48. By failing to supervise and discipline defendant police officers and Lt. Leach, the City of Newburgh violated plaintiff's rights as protected by the due process clause of the Fourteenth Amendment, the Fourth and Eights Amendments to the Constitution of the United States, all made actionable against it pursuant to 42 U.S.C. sec. 1983.

WHEREFORE, plaintiffs pray that this Honorable Court:

1) accept jurisdiction over this matter;

2) empanel a jury to hear and decide the issues in dispute;

3) award to plaintiffs and as against defendants City of Newburgh, Leach, Soldano and Rose compensatory damages with pre and post-judgment interest;

4) award to plaintiffs and as against defendant Leach, Soldano and Rose punitive damages with pre and post-judgment interest;

5) award to plaintiffs the reasonable attorneys fees and costs arising from this matter and

6) enter any other order which the interests of law and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Counsel for Plaintiffs

Dated: 9/23/08